Alright, our final case for today is 22-2124 Takeda Pharmaceuticals v. Zydus Pharmaceuticals. Mr. Moore, please proceed whenever you're ready. I'm sorry. That's okay. That's alright. May it please the Court, Steve Moore representing Zydus Pharmaceuticals and Cadila Healthcare. As the Supreme Court found in the Highmark case, 572 U.S. 559, a district court necessarily would abuse its discretion if it bases its ruling on an erroneous view of law or clearly erroneous assessment of evidence. The question before this Court is whether the district court committed legal or factual errors that affected its exercise of discretion in the determination of attorney fees by 1. permitting the claims in the 546 patent to read upon admitted conventional granules of more than 440 microns. Counsel, how do you distinguish the NEWEG case? Are you familiar with that case? SFA Systems LLC v. Zydus? Yeah. Can you distinguish that? No, Your Honor, I don't. Oh yes, right here. In that case, the court found the district court's construction to require a salesperson as being reasonable. So the court itself said, hey, look, the district court found it twice that a salesperson could be reasonable. And so they couldn't find, you know, it had been construed twice. There was no proof of litigation misconduct in terms of them bringing cases against multiple defendants. So this was not a situation where this had not already been preinterpreted. And again, what I'd like to do, I think it would make the court's life easier, and I did talk to counsel before, is that I actually just hand the K-1 opinion to you, which is highlighted, so you can see. Oh, thank you. Okay, if you don't need it, that's fine. I'll give it to counsel. You know, the decision was pretty clear as to what was going on. So what we have is the judge permitting claims in the 546, which is a continuation application, same specification, to read upon admitted conventional granules inside the patent, and finding the background of the invention in an application not to be part of the specification, which is a new one to me. And in three, finding as the 546 patent claims do not recite a particular numerical medium diameter, that the Federal Circuit's opinion in Decatur 1 was obviated to the effect of its findings as to... There are different claims at issue in Decatur 1 versus the claims at issue in this case, right? That is correct. And what is the standard of review that we apply to the district court's determination that the case below the claim destruction asserted was not so far afield as to make the case exceptional? What is the standard of review? Well, if it's based, as the Supreme Court says in Highmark... Well, it's abusive discretion. It's abusive discretion, and the Supreme Court in Highmark specifically said, hey, Federal Circuit, don't second-guess what the district court has done here in these attorney fees cases. You need to give deference, right? You do give deference, but... I understand there needs to be a clear... I understand your assertion is that there's a clear legal error, right? That's correct. Is there a clear legal error because the court said that their claim destruction was not so far afield? I mean, I think what he said was the claim destruction is plausible. I think that was the word he used. What we have here is... Is it a she, just so I know? It is. Who in there is he thinking? It's a she. It's a she. She said, all she said was plausible, and therefore the litigation position was not acceptable. She's basing it to be plausible based on what she understands the law to be. Don't you agree the construction doesn't have to be absolutely correct to not get fees, right? You agree with that statement? That the... It doesn't have to be correct. Plausible's okay. If it's plausible, but this is not even plausible. I mean, this is looking just... If your opinions mean anything, somebody should bet, you know... You write these things. You tell us what is the invention. This is not... Can I agree with you that the claim construction... That I would have ultimately agreed with you on the claim construction. Let's assume that for a hypothetical. But that wasn't the question that was before the district court. The district court said, was this litigation position, advocating this other claim construction, so crazy that it's an exceptional case? And we disagree with the district court because it's very clear that she was basing it on errors of law. Just the simple one. Let me ask you something. Background of the invention not being the specification. What are the errors of law? What are the errors of law? Her claim construction? The errors of law. First of all, what she's done is to allow the 546 patent to read on conventional language. She didn't interpret the claims. No, but she said that. That clearly you could... She said it's plausible. Plausible doesn't even... Think about the words. Fine granules. If you're a baker, you go out and you buy fine flour. We all know that means it's a size. But the only thing that's different between the two patents, right? If you go look at that claim language, it reads differently. You agree with me on that? It reads differently. You can see that. They dump the limitation as to the size. But anything that's fine has a size. If I'm a mason and I'm buying fine sand, it's a size. That's how you sell it. Can I ask you something again, going back to my question? If I agree with you on the claim construction, say I say you're right, but ultimately it's up to the district court judge to say whether she thought that that construction was plausible or not, or whether the case was acceptable because the litigation position was so crazy. Right? I have to review with discretion. It's not a legal determination. It is? It's a discretionary determination. How plausible is the litigation position? We've said it. We've been saying it's objectively unreasonable. That's your assertion. We've been saying that over and over. Your assertion, I understand. So she didn't think it was objectively reasonable, but that I'm supposed to review with discretion, right? You have to review it with discretion, looking to see if there were errors of law made. And if there were errors of law made. And so the error of law is what? That the claim construction she said was plausible is actually incorrect? Well, we certainly know that the background of an invention in an application is part of the specification, regardless of the fact of what plaintiffs asserted. You didn't answer Judge Stoll's question. Can you answer the question she posed to you? I thought that was... No, I'm asking... I don't even know what my question was. I'm sorry. I think you were talking about the error of law, right? Yes, I was trying to say what is the error of law that you think the district court made in determining that the claim construction proffered by the plaintiff was plausible? What the judge said was that because the 546 patent does not recite a particular numerical median diameter, that basically the Federal Circuit opinion in Decatur 1 was obviated to the effect of it saying that there was a disavowal of certain sizes, that there was a definition of fine granules within the specification, the exact same specification, that there was a definition of orally disintegratable tablets in that specification, which is the exact same specification. In finding prosecution history estoppel, so it's not... Your arguments sound like they go to an error, a legal error, had she in fact interpreted the claims, whereas what's being reviewed here is whether there's an abuse of discretion in finding that the litigation position was plausible. And there is an abuse of discretion. Just think on the prosecution history. She looked only at the 546 patent prosecution. Mr. Moore, so let me just tell you. I'm going to start with something that will make you happy and end with something that's going to make you unhappy. I'm just going to telegraph where I'm going. The part that's going to make you happy is, I agree with you, that the construction of fine granules has got to be limited in the way in which you assert it. And had I been the district court judge, I'd have given you these. Okay? So that's the part that's going to make you happy. The part that's going to make you unhappy is what you argued to Judge Wilson is collateral estoppel, and you were wrong. There is no collateral estoppel here because these two claim terms have different words in them. They are not identical. And so your main argument to her was a motion to dismiss for collateral estoppel. So out of the gate, your main argument to her wasn't just based on what the words fine granules mean. It was based on collateral estoppel, and you were wrong there. And I agree with her 100% that you were wrong on collateral estoppel. So then you come in and you ask for fees. And what do you lead with in your fee motion? You lead with, she got it wrong when she said you shouldn't get collateral estoppel. No, we did not say that. You basically did. No, we accept it. And so when I read, with all due respect, so when I read your motion, I said, I understand why Judge Wilson came out the way she did because you led your opposition to this case, your motion to dismiss, with collateral estoppel, which you were wrong about as a matter of law. And with all due respect, when you're a district court judge deciding attorney's fees, you look at the strength and the merits of both sides' positions. And that's why we have such a deferential standard review is because that's not our specialty, right? Like, she's looking at this whole litigation that you all did and making a decision about it. And so that's why she came out the way she did, I have no doubt. It's because you're just not right about collateral estoppel at all. I think you're right about the claim construction, but it's not her job to go forward and have an entire trial on something that she didn't need to have a trial on or make decisions she didn't need to make. At the end of the day, she said, is this case exceptional? No. Both parties got something wrong in it. That's kind of the way she weighed it. And that's why you're at a disadvantage with us. Well, I mean, the fact of the matter is is we don't dispute with her on collateral estoppel. That's not the basis of the motion. But that was your motion. You made a motion to dismiss. We made an initial motion to dismiss, which was denied. Right, but do you not understand? This is a very short case. She didn't even get to claim construction, right? So what she's got is their complaint, your motion to dismiss. Their complaint is probably no bueno. Your motion to dismiss, equally no bueno. She says, yeah, no attorney's fees for anybody. And by the way, I do disagree that there is not an argument on collateral estoppel. There are cases that go beyond saying that has to be the exact issue. And there are case statements that, you know. This examiner allowed them to take that limiting 400 micrometer language out. He shouldn't have or she shouldn't have, but did. So Judge Wilson's like, well, you know, I got a patent now. We're an examiner. Let them take it out. So I can understand why she came out or she's especially in the early stage of this process. So the bottom line is, I don't see how you can prevail, but I do think that you should have won on the merits and I do think you're right about the claim construction for whatever that's worth. I think you're 100% right. It's not just a claim construction issue. This is, it's, it's. When she looked at the file history, that's an error of law to look only at the 546 patent history and to forget about all of the parental history. The Federal Circuit very clearly said, I mean, there's error after error being made here. And that's, that's a big one, is that there was a patent that clearly said we cannot be above 400 microns. Because it used the words within 400 microns. That was said right in the Federal Circuit opinion. Because that's what the claim term said. The claim term in the Federal Circuit opinion was fine granules having an average particle diameter of 400 microns or less. So that's why the Federal Circuit, they were construing an entire claim term. They weren't construing the word fine granules. They were construing a claim term, which in itself had a size limit. You know, and that's the difference here. Look, let me save some time for rebuttal at this point. Good afternoon, Your Honors. Eric Lovenfeld for Takeda. The standard is abusive discretion. She wrote a 15-page opinion. She reviewed the arguments on both sides. Whether at the end of the day she would have come out agreeing with Sidus or not. Judge Moore, I think you put your finger on an important point here, which is they filed a patent with a limitation in it. And then they took it out. The examiner didn't dispute it. Didn't say there was no support for a broad claim without a particle size limitation. Didn't ask why they took it out. And at the end of the day, there was nothing in the prosecution of this patent dealing with particle size. The reasons for allowance don't mention it. The whole prosecution revolved around whether it was a disintegrable tablet or an effervescent tablet. That's what the issue was with the examiner. They made the collateral estoppel motion, which was denied. We decided to withdraw the claim for business reasons that I put in the brief and aren't really germane to this. They opposed our doing that and we had to make a motion. She granted the motion. We withdrew the claims. Then we said, well, now your counterclaims are moot. There's no justiciable controversy. There's no infringement. The patent has expired. Will you drop your claims? No. So then we had to make another motion to dismiss. So obviously we're not seeking fees, but this is a... Well, that's very generous of you since you asserted a claim construction that's completely wrong. It's very generous of you not to seek fees. Well, respectfully, we never had a debarment here. The claim doesn't have the language. Your court's ruling in the first case, we've been living with this together since 2010, was focused on the meaning of 400 microns or less. No. Judge Prost's opinion, or the court's opinion, definitely focused on fine granules. I read that opinion, and while it's not technically collateral estoppel, the writing was on the wall. You have no rights under this specification to fine granules that don't fall within the 400 micron limitation on size. You do not. You do not have any basis for it. And part of the reason he's here is he's frustrated because you guys have been living with this for a long time, and it was not great faith for you to assert this patent. So when you stand up here, I would not have come off at you like this, but when you say, oh, well, we're not seeking fees here, I mean, that just was a step too far for my liking. I can't let you get away with that. He's 100% right. You're 100% wrong. You shouldn't have asserted this patent. But I'm not going to second guess the district court judge on an abuse of discretion standard under these set of circumstances. So if you want to keep talking, you've got 12 minutes, but if I were you, since you started with something that provoked me, I would probably rest. Would Your Honor object if I rested? No objection. Good call. Thank you, Your Honor. Well, I can say that you cannot be, you're looking at that claim, you're only looking at fine granules. It's specifically defined at column 5, lines 44 through 49, that orally disintegratable tablets only have fine granules 400. I feel your pain. I mean, we disagree that that is not an abuse of discretion under the high block standard. It's like they just put that on the record. She didn't construe the claims contrary to you. She just said they weren't completely implausible, the construction. I agree with you. You're construction 100% right. Sorry, Mr. Warren. You understand that we were the only ones sued on these patents. Over and over. Over and over. I get it. Just because we were Zeitus, and we were the ones that opened the door. We got sued on four patents, and it was just done, you know, I guess the answer to it is... Abuse of discretion standard of review. Justice doesn't always win. The law does. The law prevails. The law is not always just, my friend, but it is the law, and that's what we're forced to follow. Okay, I thank both counsel for the argument. This case is taken under submission. All right. The honorable court is adjourned until tomorrow morning at 10 a.m. Nice to see you, Sydney. You won. Oh, I don't know.